PERKINS v. PERKINS.

No. 21976.

Kansas City Court of Appeals.
Missouri.

Dec. 7, 1953.

Asalee G. Perkins, St. Louis, for appellant.

Lamm, Barnett & Wolfe, D. S. Lamm, Sedalia, for respondent.

DEW, Judge.

This action in equity was brought by the plaintiff for partition of real estate owned as tenants in common by her and defendant, her former husband. Upon a hearing the trial court found the properties to be incapable of partition in kind, ordered the sale of same to defendant, the highest bidder, and ordered distribution of the proceeds according to the findings. Motion for new trial was filed and overruled. Appeal was taken to the Supreme Court of Missouri. The Supreme Court found no issue had been preserved for appellate review under which the title to real estate could be involved so as to give that court jurisdiction of the appeal, and transferred the case to this court.

The clerk of the Supreme Court of Missouri has supplied us with a corrected mandate of transfer showing the complete order of the court made at the time of the transfer, which reads:

"The only question raised in the motion for new trial being the allowance for improvements on the real estate partitioned herein, there is no issue preserved for appellate review under which the title to real estate could be involved so as to give this Court jurisdiction of the appeal herein. It is therefore ordered that this case be and it is transferred to the Kansas City Court of Appeals".

Pursuant to the ruling of the Supreme Court, the only point that will be considered by us is that raised in the motion for a new trial because of the allowance of credit for improvements made by defendant on the property sold under the decree of partition. At the outset it will be necessary to determine if even that point as raised in the motion for new trial, properly preserved anything for our review. The motion for new trial is as follows:

"1. Plaintiff states to the court that during the trial of this suit, March 22, 1952, for determining the equity for each party of the proceeds from the sale of the property resulting from the partition suit, defendant made claims that he had made certain improvements upon the property since the divorce decree, and for that reason was awarded in the judgment of the court an estimated amount of the cost of these improvements;

"2. Wherefore, plaintiff prays the court to grant a new trial in order that plaintiff may have the opportunity to prove that certain claimed improvements were made, not only while she was in the home, but with her assistance;

"3. That upon such proof by plaintiff, court will set aside the judgment based upon these claims, and render a judgment based upon the counter claims.

"4. Plaintiff further prays the court to permit her to supplement her pleadings to include a partition of personal property also.

Signed ————
Asalee G. Perkins
1419 A Hills Terrace
St. Louis, Missouri".

The plaintiff, who had for some years been divorced from her husband, was seeking to partition several lots of real estate in Sedalia, Missouri, all of which lots were contiguous except one lot which was separated by several tracts belonging to other parties. A house, shed, barn and other structures, were situated on the lots in question. Plaintiff had lived in St. Louis since the divorce, and defendant had remained on the real estate involved. At different times one or more of the five children of the parties lived with the defendant on the property as their home. Plaintiff asked for a temporary segregation from the proceedings of a part of the land on which the house stood, to remain for a period as a homestead for the children, and that the remaining lots be sold under partition. Hearings were had before the court and at great length the defendant offered evidence of taxes, insurance and repairs financed by him on the property since the divorce, for which he asked credit both in his pleadings and at the trial, if the property was ordered sold in partition. At all these hearings plaintiff was present and either conducting her own case or with counsel.

It will be noted that plaintiff in her motion for new trial presented no allegation of error whatever in the trial of the case. The sum and substance of the motion is that she requests the court to set aside the decree and judgment to give her an opportunity to prove that the improvements were made while she lived on the premises and with her assistance. Ample opportunity was afforded the plaintiff to make such proof at the hearing, when, in fact she did present considerable evidence on that subject, and her desire to reopen the case for further proof in the matter of the improvements constitutes no error or ground for new trial. The trial court properly overruled the motion and there is nothing preserved for our review. Section 512.160, subds. 1, 2, RSMo 1949, V.A. M.S.; 42 V.A.M.S. Supreme Court Rule 3.23. Judgment affirmed.

All concur.